UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Application of: Telehealth Products Corporation Ltd.<br><br>Applicant. | Case No. 0:20-mc-00060-WMW-KMM<br><br>**ORDER** |

This matter is before the Court on Telehealth Products Corporation's ("Telehealth") motion to compel discovery from Group Medical Supply ("GMS"). ECF No. 17. Telehealth initiated this case by filing an application to take discovery from GMS to use in a foreign proceeding pursuant to 28 U.S.C. § 1782. Telehealth has brought a suit in China against several Chinese companies and individuals, alleging that they stole Telehealth's intellectual property and used it to make knock-offs of Telehealth's products. The Court granted Telehealth's § 1782 application, and Telehealth served a subpoena seeking production of documents from GMS. Unsatisfied with GMS's written responses, objections, and document production, Telehealth filed the motion to compel discovery. Telehealth seeks an Order requiring GMS to conduct a more robust search of its electronically stored information and produce additional documents. Further, Telehealth seeks an Order allowing it to take GMS's deposition regarding its discovery efforts and its business dealings with one of the defendants in the Chinese litigation.

On April 28, 2021, the Court held a hearing on the motion to compel at which counsel for Telehealth and GMS presented oral argument. To ensure that the parties would have swift guidance on the Court's resolution of the motion, the Court stated its ruling on the record and explained its reasoning. As discussed during the hearing and memorialized below, the motion to compel is granted in part and denied in part.

### *Granted in Part*

Telehealth's motion is granted in two limited respects. First, the parties are required to engage in additional efforts to meet and confer regarding the use of search terms based on Telehealth's Request No. 16. Although the Court finds that the

1

request is overbroad as it is drafted, GMS and Telehealth are encouraged to cooperatively explore focused search terms that will allow Telehealth to obtain useful information while limiting the burden imposed on GMS. To further minimize the burden imposed on GMS, following counsel's discussions, Telehealth will bear the discovery vendor costs incurred by GMS, but GMS will be required to pay its own attorney's fees.

Second, the parties are required to meet and confer about additional searches for GMS documents concerning "Nexcont," a company that Telehealth believes is an alter ego of one of the Chinese defendants accused selling knock-off Telehealth products. Following those discussions, GMS shall conduct a search for responsive documents and make a production of any additional information located in its system. GMS shall bear its own expenses associated with this search term, including all vendor costs and attorney's fees.

Given the professionalism of counsel involved in this case, the Court expects that they will be able to resolve any disagreements that arise during the meet-and-confer sessions that occur pursuant to this Order. However, if they are unable to resolve any issues that arise and believe that further intervention from the Court is needed, counsel shall raise those issues using the Court's informal process for resolution of discovery disputes, which was explained during the hearing.

**Denied in Part**

Aside from the two areas discussed above, Telehealth's motion to compel is denied for the reasons stated on the record at the April 28th hearing. As a nonparty respondent to a Rule 45 subpoena, GMS is entitled to protection from undue burden and expense. Fed. R. Civ. P. 45(d)(1); *see, e.g.*, *Marquis ProCap Sys, LLC v. Novozymes N. Am., Inc.*, 2021 WL 119570, at *4 (noting that "concern for unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs").

The Court finds that requiring more than the additional discussions and subsequent searching described above would impose an undue burden and expense on GMS given its nonparty status, the costs it has already incurred, the overall adequacy of its previous searches, and the production already made. Overwhelmingly, Telehealth's requests are overbroad. That is, though subsets of the information responsive to them fall within the bounds of relevance and proportionality, *see* Fed. R.

Civ. P. 26(b)(1), they are drafted in a manner that would require an unreasonable effort on the part of GMS. Despite their breadth, GMS conducted a reasonable search of its records in response to Telehealth's requests for production, using search terms derived directly from the requests themselves. GMS searched the individual computers of several employees, ran company-wide searches for responsive documents and communications on email servers, and examined the cell phones of its two key personnel. GMS's use of a discovery vendor to ensure that its searches were appropriately conducted and captured responsive information was also reasonable. These efforts have already imposed significant burden and expense on GMS for a case in which it is not directly involved. Though Telehealth believes GMS's searches were inadequate because it produced relatively few communications and other documents Telehealth expected to exist given GMS's international transactions, GMS's counsel represented that he is not aware of any responsive documents that were located that have not been produced. There is no basis in the record to conclude that GMS is improperly withholding information or concealing responsive documents.

Finally, the Court finds that Telehealth has not shown a sufficient need to depose GMS regarding its relationship and sales efforts with Zayata, one of the defendants in the Chinese litigation. In the absence of such a showing, the burden that would be imposed on GMS in preparing and sitting for a deposition is undue.

**Conclusion**

Telehealth's motion to compel is **granted in part and denied in part** for the reasons stated on the record and summarized in this Order.

**IT IS SO ORDERED**.

Date: May 4, 2021

                                                 *s/Katherine Menendez*
                                                 Katherine Menendez
                                                 United States Magistrate Judge