UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Application of: Telehealth Products Corporation Ltd.<br><br>Applicant. | Case No. 0:20-mc-00060-WMW-KMM<br><br>**ORDER** |

      This matter is before the Court on a Joint Motion Regarding Continued Sealing filed by Applicant Telehealth Products Corporation's ("Telehealth") and Group Medical Supply ("GMS"). Joint Mot., ECF No. 47. The Joint Motion concerns documents filed under temporary seal pursuant to Local Rule 5.6 in connection with Telehealth's motion to compel discovery from GMS. The parties agree that some of the documents at issue should be kept under seal, but they disagree as to others. For those documents where the parties disagree, Telehealth asserts that GMS should not have designated the documents as confidential under the Protective Order and that the materials do not contain information that merits continued sealing.

      Having reviewed the documents at issue, the Court concludes that all of the materials may remain sealed. None of the documents are "judicial records" because the motion to compel does not call upon the Court to exercise any Article III powers. *See IDT Corp v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (agreeing that a "common law right of access applies to judicial records in civil proceedings" but noting that "judicial records" are those that implicate exercise of Article III powers); *Krueger v. Ameriprise Fin., Inc.*, No. CV 11-2781 (SRN/JSM), 2014 WL 12597948, at *8 n.7 (D. Minn. Oct. 14, 2014) ("[N]on-merits based motions (e.g. non-dispositive discovery motions), generally heard by magistrate judges (i.e. Article I judges), are afforded a lower or weaker presumption of public access than proceedings involving a district court judge's exercise of his or her Article III powers….") *aff'd*, No. 11-CV-02781 SRN/JSM, 2015 WL 224705 (D. Minn. Jan. 15, 2015). Given the weaker presumption of public access in the documents filed in connection with Telehealth's motion to compel, and the content of the documents at issue here, the Court finds that GMS's interest in maintaining confidentiality of the disputed information outweighs the public's interest in disclosure.

Accordingly, **the Clerk of Court is directed to keep the documents at the following docket entries under seal: 20, 23, 25, 26, 28, 29, 30, 31, 32, 33, 34, 35, 40, 40-1, 40-2, 40-3, 40-4, 40-5, 43, and 43-1.**

**IT IS SO ORDERED**.

Date: May 17, 2021

*s/ Katherine Menendez*
Katherine Menendez
United States Magistrate Judge
