UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Application of: Telehealth Products Corporation Ltd.<br><br>Applicant. | Case No. 0:20-mc-00060-WMW-KMM<br><br>**ORDER** |

      This matter is before the Court on Telehealth Products Corporation's May 27, 2021 letter request permission to file a motion to reconsider. (ECF 49.) Specifically, Telehealth seeks permission to file a motion for reconsideration of this Court's denial of Telehealth's request for the fees incurred in bringing its motion to compel discovery from Group Medical Supply, Inc. ("GMS"). (*Id.* at 1–2.)

      Under Local Rule 7.1, a party may not file a motion seeking reconsideration unless it receives prior permission. D. Minn. LR 7.1(j). To get permission to file a motion to reconsider, the party making the request must show "compelling circumstances." *Id.* Compelling circumstances exist when there is some indication of a "manifest error of law or fact" or where there is "newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). "[G]ranting permission to file a motion to reconsider is appropriate when necessary to afford a party an opportunity for relief in extraordinary circumstances." *United States v. Mustafa*, Crim. No. 14-261(5) (JRT/BRT), 2021 WL 925561 (D. Minn. Mar. 5, 2021).

      Telehealth argues that newly discovered evidence shows GMS did not actually make an effort to determine whether a proper search responsive to Telehealth's requests was conducted. After the Court required GMS to run certain additional searches, GMS discovered documents that admittedly should have been produced based on the searches GMS told the Court it had already reasonably conducted. When GMS learned that these documents should have been captured in its initial searches, it checked with its discovery vendor to ensure that the search terms used were accurate. GMS eventually produced additional documents to Telehealth and informed Telehealth's counsel that some of its representations to the Court during the hearing on the motion to compel were inaccurate. (ECF 49 at 1–2.)

The Court finds that Telehealth has failed to show compelling circumstances to allow it to file a motion for reconsideration of the fee-shifting issue. Most importantly, the Court notes that Telehealth's motion to compel was granted in part and denied in part. When a motion to compel is resolved in that way, courts have the option to apportion fees under Rule 37 and shifting fees in the absence of substantial justification or unjust circumstances is no longer mandatory. Fed. R. Civ. P. 37(a)(5)(C). Even if the Court had all the information that Telehealth now provides, the Court would not have reached a different conclusion about the propriety of the majority of Telehalth's requests. The motion and Telehealth's own document requests were quite overbroad. The Court determined that entire categories of documents which Telehealth moved to compel were not discoverable form a non-party to the foreign litigation in China against Telehealth's allegedly unlawful competitors, and this conclusion is in no way altered by the new information Telehealth highlights. Further, the Court already shifted certain fees and costs already for additional searching to address issues concerning the scope of GMS's previous searches and the burden imposed upon them.

Moreover, GMS provides a reasonable explanation for how certain documents that should have been collected underits initial search protocol were not captured. GMS explains that there was a misunderstanding with GMS's discovery vendor about the way emails were to be searched. This misunderstanding led to the failure to gather missing emails that should have been collected in the original search. (ECF 51.) Those mistakes have now been corrected. Therefore, GMS has shown that no intentional misrepresentations were made to Telehealth or to the Court. This further undercuts Telehealth's suggestion that it has uncovered new evidence that GMS engaged in discovery misconduct warranting the imposition of sanctions or fee shifting.

Telehealth also criticizes GMS's counsel's failure to correct the record by contacting the Court to advise it of the inaccurate information that was conveyed at the hearing. (ECF 49 at 1–2 n.1.) Though GMS certainly could have contacted the Court to clarify these issues before Telehealth made its request for permission to file a motion to reconsider, the fact that GMS's counsel did not do so on its own when the error was discovered had no impact on Telehealth's prior decision to bring a motion to compel. This concern provides no basis to approve the filing of a motion for reconsideration of the Court's decision to deny Telehealth's fee-shifting request.

For these reasons, Telehealth's letter request is denied.

**IT IS SO ORDERED**.

Date: August 18, 2021

                                              *s/ Katherine Menendez*
                                              Katherine Menendez
                                              United States Magistrate Judge